IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINO MEDINA AND ESTHER MEDINA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-00781-Y |
| | § | (consolidated with 4:16-cv-784-A) |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE TEXAS LLOYD'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Allstate Texas Lloyd's files this Motion to Disqualify Plaintiffs' Counsel, Peter Ferraro, and in support, would show the following:

**I.
GROUNDS FOR MOTION**

This case presents unique, threshold issues regarding whether Plaintiffs' attorney, Mr. Peter Ferraro ("Mr. Ferraro") has proper authority to represent Plaintiffs and whether Plaintiffs are aware that a lawsuit has been filed on their behalf. In a similar case involving identical issues as to whether Mr. Ferraro had authority to represent the plaintiffs, Judge Randy Crane of the Southern District of Texas, McAllen Division, disqualified Mr. Ferraro due to a potential conflict of interest. Following his disqualification in the McAllen case, Mr. Ferraro filed a Motion to Withdraw in another similar case involving identical issues in the Northern District of Texas—Fort Worth Division. In his Motion to Withdraw, Mr. Ferraro—in a short explanation—stated that he had been disqualified in a similar case and that there may be a conflict of interest in his

representation of the plaintiffs. It is Allstate's position that a similar conflict of interest exists in this case, and Mr. Ferraro should be disqualified from representing Plaintiffs.

## II.
## BACKGROUND INFORMATION

This lawsuit—as filed—is an insurance coverage dispute concerning alleged storm damage to Plaintiffs' home insured by Allstate. This lawsuit was originally filed by Plaintiffs' former attorney, R. Kent Livesay, who has formally withdrawn from representing Plaintiffs in this case and has been temporarily suspended from practicing law by the Texas State Bar. After Allstate removed the case, Mr. Livesay referred the case to Mr. Ferraro. On information and belief, Plaintiffs did not directly retain Mr. Ferraro—Mr. Ferraro's "representation" stems directly from Mr. Livesay's referral and fee agreement. The only fee agreement known to Allstate regarding Plaintiffs' representation is from Mr. Livesay's office.

Because Mr. Ferraro's representation of Plaintiffs stems directly through Mr. Livesay's office, Mr. Ferraro may be a witness in this case and in pending civil and criminal investigations of Mr. Livesay's conduct. Mr. Livesay has filed multiple lawsuits involving storm claims on homeowners policies in which he did not have authority to file claims and may have been prosecuting this case without Plaintiffs' authority. In a separate, independent lawsuit pending in the County Court at Law No. 2 of Tarrant County, Texas, Allstate filed suit directly against Mr. Livesay for filing lawsuits on behalf of Allstate insureds that he does not have authority to represent.[1] In Allstate's Second Amended Original Petition against Mr. Livesay, Allstate alleges that Mr. Livesay has an association with a roofing company, Lambcorp, and various other roofers who knock on doors to persuade the homeowner to file a storm claim with their home

---

[1] Allstate's lawsuit against Livesay is pending in a case styled, "Cause No. 2015-007379-2, *Allstate Texas Lloyd's v. Richard Kent Livesay, R. Kent Livesay, P.C., Lambcorp EM LLC, (d/b/a Lambcorp Residential & Commercial Energy Management), and Lambcorp LLC (d/b/a Lambcorp Residential & Commercial Energy Management),* In the County Court at Law No. 2 of Tarrant County, Texas, attached as Exhibit A, Appendix pp.1-68.

insurance carrier. Based on the facts of this case, Lambcorp solicited this claim from Plaintiffs and likely referred this case to Mr. Livesay's office.

The State Bar took notice of Mr. Livesay's conduct, and the Commission for Lawyer Disciple filed an Original Disciplinary Petition against Mr. Livesay in Hidalgo County alleging similar misconduct relating to illegal case solicitation for unrelated insureds. As of November 15, 2016, the Texas State Bar and Mr. Livesay filed an Agreed Judgment of Active Suspension in which Mr. Livesay agreed that he violated the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT and that "the acts, omissions and conduct of the Respondent, RICHARD KENT LIVESAY, constitute professional misconduct." *See* Exhibit 1.

In a similar case involving parallel facts pending before Judge Randy Crane in the Southern District of Texas—McAllen Division, Allstate presented the court with evidence to strike Mr. Livesay and Mr. Ferraro as counsel for Plaintiff. *See* Civil Action No. 7:16-cv-00365, *Delfino Rios and Olivia Rios v. Allstate Texas Lloyd's,* In the U.S. District Court for the Southern District of Texas—McAllen Division. In the *Rios* case, Mr. Ferraro argued that he should be allowed to represent the insureds in that case despite the issues with Mr. Livesay's alleged solicitation of the claim. On October 31, 2016, Judge Crane disagreed and disqualified Mr. Ferraro as counsel for Plaintiffs; the Minute Entry for the proceeding on October 31, 2016 reads as follows:

> [The Court] made observations of civil litigation and criminal investigation out of the conduct of prior counsel Attorney Livesay and those allegations involve the plaintiffs as subject of the ongoing investigation. Therefore the Court announced that present counsel for the plaintiff Peter Ferraro is disqualified from representing the plaintiffs in this case. *See* Exhibit 2.

Following Judge Crane's disqualification of Mr. Ferraro in the *Rios* case, Mr. Ferraro filed a Motion to Withdraw in a similar case with identical issues involving Mr. Livesay pending in the

Northern District of Texas—Fort Worth. *See* Civil Action No. 4:16-cv-00779-O, *Gilberto Ruiz v. Allstate Texas Lloyd's,* In  the U.S. District Court for the Northern District of Texas—Fort Worth Division.[2] Mr. Ferraro admitted that there may be a conflict of interest and stated, "Good cause exists for withdrawal of Movant as Counsel because Mr. Ferraro has been disqualified from representation in a similar case [*Delfino Rios v. Allstate*]  in which the issues has been ruled that there may exists a conflict of interest."  *See* Exhibit 3. Thus, Mr. Ferraro has acknowledged that there may be a conflict of interest in similar cases in which he was referred the case from Mr. Livesay.

Mr. Livesay and his personal civil and criminal attorneys have represented to the undersigned that Mr. Ferraro will withdraw from this case. After providing Mr. Ferraro with ample and appropriate time to file his motion to withdraw from this case and several others, Mr. Ferraro still has not done so, finally warranting this Motion by Allstate. Mr. Ferraro should be disqualified from representation of Plaintiffs because he is a potential witness in this case and has acknowledged that a "conflict of interest" may exist.

### III.
### ARGUMENTS AND AUTHORITIES

**A.    Mr. Ferraro is a potential witness in this case and in the pending civil and criminal investigation.**

Courts have frequently held that trial attorneys who are likely to testify on behalf of their client about fact issues (other than uncontested issues or attorney fees) should be disqualified. *See* Disqualification of an attorney is a severe remedy. *See* ABA Model Rule 3.7 ("Model Rule 3.7") states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," unless the testimony relates to an uncontested issue or disqualification of the

---

[2] In the *Ruiz* case, Allstate had also presented the court with evidence to strike both Mr. Ferraro and Mr. Livesay due to the suspect nature of how plaintiff's claim was "signed up."

lawyer would be a substantial hardship on the client. Model Rules of Prof'l. Conduct R. 3.7(a); *see also Landmark Graphics Corp.,* No. CIVA H-06-1790, 2007 WL 735007, at *5 (Both Texas Rule 3.08 and Model Rule 3.7 "prohibit an attorney from serving as trial counsel and as a witness at trial."). *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). In disqualifying such attorneys, courts have eliminated: (1) the possibility that attorneys will appear to vouch for his or her own credibility in addressing the Court; (2) the unfair situation that may arise when an opposing attorney has to cross-examine an attorney-adversary and seek to impeach her ; and (3)  the appearance that the testifying attorney may distort the facts to advance his or client's position. *See Culebras Enters. v. Rivera-Rios,* 846 F.2d 94, 99 (1st Cir. 1988).  The movant has the burden of proof, and the court must strictly adhere to an exacting standard in determining whether disqualification is warranted.  *In re Tex. Windstorm Ins. Ass'n*, 417 S.W.3d 119, 129 (Tex. App.–Houston [1st Dist.] 2013, orig. proceeding).  Courts also  have "the power, under appropriate circumstances, to disqualify an attorney even though he or she has not violated a specific disciplinary rule." *In re Meador*, 968 S.W.2d 346, 351 (Tex. 1998) (orig. proceeding).

### B.     Defendant Timely Seeks Disqualification

Defendant files this Motion to Disqualify very early in the litigation, before any written discovery has been exchanged or depositions taken.  Defendant did not immediately file this Motion for Disqualification due to the representations of Plaintiffs' former attorney, Mr. Livesay, and his personal attorneys.  Thus, disqualification of opposing counsel will have minimal effect on Plaintiffs. *See In Interest of Kahn*, --- S.W.3 ---, 14-15-00615-CV, 2015 WL 7739735, at *2 (Tex. App.—Houston [14th Dist.] Dec. 1, 2015, no pet.) (recognizing motion to disqualify must be timely).

**C.     Mr. Ferraro's involvement in alleged illicit solicitation of claims by Mr. Livesay is the "fruit of the poisonous tree."**

Mr. Ferraro's current "representation" may have been obtained as an exploitation of an inappropriate solicitation of Plaintiffs' claim by Mr. Livesay's office. Lambcorp—the very same roofing contractor alleged to be in collusion with Mr. Livesay's office—reported this claim on behalf of Plaintiffs. Lambcorp provided Allstate with a copy of the contract with Plaintiffs stating that Plaintiffs agreed to use an attorney of Lambcorp's choosing.  After the Allstate inspection, which resulted in a full roof replacement and an estimate totaling $6,235.87, Allstate received a Letter of Representation from Mr. Livesay. On information and belief, Allstate believes that Mr. Livesay and Lambcorp may have illegally solicited this claim, resulting in this lawsuit. Allstate has not been provided with any information indicating that Mr. Ferraro has a separate and independent fee agreement with Plaintiffs. Based on Mr. Ferraro's representations and information obtained in similar cases in which Mr. Ferraro has been disqualified, Mr. Ferraro's representation on this case and several others is directly through Mr. Livesay's fee agreement—not his own.

As Mr. Ferraro's representation is through Mr. Livesay—who has been temporarily disbarred for such conduct—Mr. Ferraro should be barred from representation of Plaintiffs because Mr. Livesay's fee agreement was likely improperly obtained. Additionally, in two other federal cases pending in Texas, both Mr. Ferraro and Federal Judge Randy Crane have acknowledged that there is a conflict of interest that requires that Mr. Ferraro to be either disqualified or to withdraw. To allow Mr. Ferraro to represent Plaintiffs in this  case after he has been disqualified in two other similar cases and after Mr. Ferraro himself has admitted there may be a conflict of interest would be unfair and unjust to all of the parties in this  case. Mr. Ferraro is a potential witness in this case as to the nature the solicitation of this claim and also to the pending civil and criminal investigations into Mr. Livesay's conduct.

## VI.
## PRAYER

Wherefore, premises considered, Defendant Allstate Texas Lloyd's respectfully prays that Mr. Ferraro be disqualified from representing Plaintiffs in this suit and for any other relief to which Defendant is entitled at law or equity.

Respectfully submitted,

*/s/ Vanessa Rosa*
Roger D. Higgins
State Bar No. 09601500
Vanessa A. Rosa
State Bar No. 24081769
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I do hereby certify that I conferred with Peter Ferraro, counsel for Plaintiffs, regarding this motion, and he has not responded. This motion is therefore presumed to be opposed.

*/s/ Vanessa Rosa*
Vanessa Rosa

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the foregoing instrument was delivered to all known parties and/or counsel of record by facsimile and certified mail on this the 28th day of February 2017.

    Peter E Ferraro
    The Ferraro Law Firm
    1011 W 10th Street
    Austin, TX 78703
    ferrarolaw@mac.com

                                */s/ Vanessa Rosa*
                                Vanessa Rosa